IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS. | * | CRIMINAL NO. 6:03CR36(03) |
| EDWARD S. FELTUS | * | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
OCT 17 2003
BY DAVID J. MALAND, CLERK
DEPUTY

## PLEA AGREEMENT

COMES NOW, the United States of America, by and through the United States Attorney for the Eastern District of Texas, and in compliance with Rule 11 of the Federal Rules of Criminal Procedure, would acknowledge the following agreement with EDWARD S. FELTUS, Defendant herein, and Defendant's attorney of record, Jerome A. Ballarotto:

1. The Defendant, EDWARD S. FELTUS, knowing the right to a trial by jury, agrees to waive a jury trial and enter a plea of guilty to Count 7 of the Indictment alleging a violation of Title 18, United States Code, Section 1028(a)(1), False Identification Documents, in the District of New Jersey pursuant to Rule 20 of the Federal Rules of Criminal Procedure upon the agreement of the United States Attorneys for the Eastern District of Texas and District of New Jersey.

2. Upon conviction of Count 7 of the Indictment, as described in Paragraph 1, hereinabove, the Defendant understands that he may receive a sentence of imprisonment of not more than fifteen (15) years, a fine of not more than $250,000.00, or both. A term of supervised release of not more than three (3) years shall also be imposed. In addition, the Defendant shall be required to pay a $100 special assessment by cashier's check or money order to the United States District Clerk, **on or before the plea hearing date.**

3. The Defendant understands that pursuant to Title 18, United States Code, Sections 3663, 3663A and 3664, restitution may be ordered by the Court. Additionally, the Defendant understands that the Court may be required to order full restitution in cases involving crimes of violence, offenses against property under Title 18 of the United States Code including any offense(s) committed by fraud or deceit, offenses relating to tampering with consumer products, cases involving sexual abuse, sexual exploitation and other abuses of children, domestic violence cases, or telemarketing offenses.

4. The Defendant understands that the sentence to be imposed will be in the sole discretion of the Court and such sentence may be up to the maximum provided by law as set forth

in Paragraph 2, herein. The Defendant is also aware that the sentence will be imposed in accordance with the United States Sentencing Commission Guidelines. The Government does not make any promise or representation concerning what sentence the Defendant will receive. The Defendant understands that any estimate of the probable sentence or sentencing range under the Sentencing Guidelines that Defendant may have received from Defendant's counsel, the Government, or the Probation Office is a prediction, not a promise, and is not binding on the Government, the Probation Office, or the Court. The parties are unaware of any facts which would warrant the filing of a motion for departure pursuant to 5K2.0 of the Sentencing Guidelines. If any information is learned which may cause the filing of such a motion, then the moving party shall notify the opposing party of the intent to file such a motion as soon as possible and sufficiently in advance of sentencing so as to allow the other party sufficient time to investigate and respond to the motion.

5. If the Court imposes a sentence with which the Defendant is dissatisfied, the Defendant will not be permitted to withdraw any guilty plea for that reason alone. In the event that the Court rejects this plea agreement, the Defendant will be entitled to the remedies available under Rule 11(c)(5) of the Federal Rules of Criminal Procedure.

6. The Defendant agrees to truthfully complete a financial statement form provided by the Office of the United States Attorney, and provide such completed form to the United States Attorney no later than two weeks prior to sentencing. This form shall be used for determination and collection of any fine or restitution to be ordered by the Court.

7. The Defendant agrees to provide complete and truthful information and testimony, whenever requested by the United States Government, in regards to all facts the Defendant knows surrounding illegal activities in the Eastern District of Texas and elsewhere. The Defendant shall neither provide false information nor protect anyone by withholding information. Failure by the Defendant to completely and truthfully comply with this section can result in this agreement becoming unenforceable, the prosecution of the Defendant for any federal offense the Defendant may have committed, and the use by the Government of Defendant's statements made pursuant to this agreement against the Defendant in any proceeding.

8. If it is determined by the Substantial Assistance Committee of the United States Attorney's Office for the Eastern District of Texas that the Defendant has provided substantial assistance in the investigation or prosecution of others, the United States agrees to file a motion for downward departure pursuant to § 5K1.1 of the Sentencing Guidelines, or a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. If the United States decides to file either a motion pursuant to § 5K1.1 or Rule 35(b), such will be done at an appropriate time as determined by the United States. **It is understood that it will be entirely within the sole and exclusive discretion of the United States Attorney's Offices for the Eastern District of Texas and District of New Jersey whether to file such motion and entirely within the Court's discretion as to what, if any, reduction in sentence Defendant will receive.** It is further understood that the Defendant's cooperation does not automatically require the United States to request a downward departure or a reduction in sentence. The motion for downward departure or for a reduction in sentence shall be conditioned upon the Defendant's full and substantial assistance (as determined by the policy and procedures of the United States Attorney's Office for the Eastern

District of Texas) including, but not limited to, providing information to government officials and truthful testimony before the Grand Jury or at trial in this and other state and federal jurisdictions. The Defendant understands that if he intentionally provides false information or testimony to implicate an innocent person in the commission of a crime, protects a guilty person, and/or exaggerates the involvement of any person in a crime in order to appear cooperative, he will be committing a material violation of this plea agreement which could result in the rescission of this agreement, the prosecution of Defendant for any federal criminal offense, and the use of any information provided by Defendant pursuant to this agreement against the Defendant in any proceeding.

9. The United States Attorney for the Eastern District of Texas agrees not to prosecute the Defendant in the Eastern District of Texas, for any non-violent offense committed by the Defendant in the Eastern District of Texas arising from the facts and the circumstances of the charge(s) in this case and known to the United States Attorney or derived from information received by the United States Attorney pursuant to this plea agreement, other than the offense(s) described in paragraph 1 hereinabove.

10. With the exception of Sentencing Guidelines determinations, Defendant waives any appeal, including collateral appeal under 28 U.S.C. § 2255, of any error which may occur surrounding substance, procedure, or form of the conviction and sentencing in this case.

11. Nothing in this agreement shall be construed so as to release the Defendant from any civil liability to any individual or legal entity which could arise from any matter related to, or surrounding, this case, nor does this plea agreement preclude the United States from proceeding against the Defendant on any civil action which the United States may have against the Defendant and/or pursuing any civil remedies to which the United States may be entitled.

12. Unless otherwise provided, this Plea Agreement is binding only upon the Eastern District of Texas and does not bind any other United States Attorney, nor any state or local prosecutor.

13. The Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas, acknowledge and confirm that this is the entire plea agreement which has been negotiated by and between the parties, it supersedes all other plea agreements, that no other promise has been made or implied by either the Defendant or the Government, and that this agreement is being entered into freely, voluntarily, and upon advice of counsel.

                                          Respectfully submitted,

                                          MATTHEW D. ORWIG
                                          UNITED STATES ATTORNEY

DATED: 8/18/03

                                          WES RIVERS
                                          Assistant U. S. Attorney

DATED: 8/7/03

                                          EDWARD S. FELTUS
                                          Defendant

DATED: 8/7/03

                                          JEROME A. BALLAROTTO
                                          Attorney for Defendant